Opinion issued June 14, 2012.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00505-CV

———————————

Roy Anthony Frazer Jr., Appellant

V.

Kendra Hall, Appellee



 



 

On Appeal from the 300th District Court

Brazoria County, Texas



Trial Court Case No. 60997

 



 

MEMORANDUM OPINION

          Appellant
Roy Anthony Frazer Jr. filed suit in Brazoria County to adjudicate parentage and
conservatorship of a child born in California.  Kendra Hall, the mother of the child, filed a
special appearance and plea to the jurisdiction.  The trial court granted Hall’s special
appearance and plea to the jurisdiction. 
On appeal, Frazer argues the trial court abused is discretion in
declining to exercise jurisdiction over his parentage action.  We affirm. 

Background

The child’s mother, Hall, resided in
West Columbia, Texas before the child’s birth. 
Hall moved to California in November of 2010, and the child was born
December 21, 2010 in Huntington Beach, California.   

On November
24, 2010, Frazer filed a Petition to Adjudicate Parentage.  In his petition, Frazer sought to establish parentage,
and he also sought to be named the sole managing conservator or, in the
alternative, joint managing conservator of the child.  On January 11, 2011, Hall filed a special
appearance, special exceptions, and plea to the jurisdiction.  In her special appearance, Hall argued that
because she was a resident of California and not domiciled in Texas, the trial
court lacked personal jurisdiction over her. 
She also argued that the court lacked subject-matter jurisdiction to
adjudicate parentage or conservatorship because under Texas Family Code Section
152.102(7) the home state of the child was California, not Texas.  Tex.
Fam. Code Ann. § 152.102(7)
(West 2008) (defining home state in the case of a child less than six months
old to be “the state in which the child lived from birth with a parent or
person acting as a parent”).  In the alternative, Hall argued that the
trial court should decline to exercise jurisdiction and stay proceedings to
allow her to file suit in California.

At the time
of the trial court’s hearing on Hall’s special appearance and plea to the
jurisdiction, Hall had not filed a suit for child support, visitation, or custody
in California.  Hall testified that she
left Texas on November 1, 2010, arrived in California on November 3, 2010, and planned
to start school in California the month after the hearing.  According to Hall, the child was conceived in
Texas and she received some pre-natal care in Texas.  Although Frazer accompanied Hall to one pre-natal
visit, according to Hall he did not pay for any expenses associated with the
visit.  She admitted that Frazer helped
her by providing her access to his debit card. 
Hall testified that although she tried to identify Frazer as the child’s
father on the birth certificate, she was not allowed to do so because the
California hospital required Frazer’s signature.  

At the
conclusion of the hearing, the trial court found it had personal jurisdiction
but declined to exercise it:  

Court: Based on the evidence before the Court and the Texas Family Code,
this Court may exercise personal jurisdiction. However, it is declining to
exercise personal jurisdiction. This hearing is adjourned.

Hall’s Attorney: And subject matter
jurisdiction, Your Honor?

Court: As well. 

The trial
court’s order states:

After consideration of the pleadings, the testimony and evidence
presented and argument of counsel with review of applicable cases and law, the
Court specifically finds that it may exercise personal jurisdiction (pursuant
to Texas Family Code Section 159.001 et seq.) over the Respondent but the Court
declines to exercise personal jurisdiction. 
Furthermore, the court specifically finds that it may exercise subject
matter jurisdiction (pursuant to the Texas Family Code Section 152.001 et
seq.); however, the Court declines to exercise subject matter
jurisdiction.  

The trial court filed findings of
fact and conclusions of law at Frazer’s request.  In the findings, the trial court concluded
that Texas was not the child’s home state and that the trial court lacked
subject matter jurisdiction to adjudicate conservatorship or possession.  It also found that Frazer and Hall engaged in
sexual intercourse in Texas and the child may have been conceived in Texas.  Although the trial court concluded this was a
basis for jurisdiction under Texas Family Code section 159.201(a)(6), it
concluded that in light of “the minimal contact of the child with this state,
assumption of jurisdiction over Respondent by this court would offend
traditional notions of fair play and substantial justice.”  See Tex. Fam. Code Ann. §
159.201(a)(6) (West 2008).  The findings of fact also state that Frazer and Hall are the
parents of the child. 

Analysis

Frazer does not contest the trial
court’s finding that the child’s home state is California, nor does he argue
that the trial court erred in declining to exercise jurisdiction to adjudicate conservatorship.  See
Tex. Fam. Code Ann. § 152.201.  Frazer’s sole argument on appeal is that the
trial court abused its discretion in declining to exercise jurisdiction to
adjudicate parentage under Family Code section 159.201.  We review the trial court’s denial of personal
jurisdiction under section 159.201 for abuse of discretion.  See Joe
v. Two Thirty Nine Joint Venture, 145 S.W.3d 150, 161 (Tex. 2004) (trial
court abuses discretion when it reaches decision so arbitrary and unreasonable
as to amount to clear and prejudicial error of law); Dickerson v. Doyle, 170 S.W.3d 713, 718 (Tex. App.—El Paso 2005, no pet.) (reviewing trial
court’s decision to decline jurisdiction under the doctrine of forum non
conveniens for abuse of discretion).

The Uniform
Parentage Act provides that the necessary parties in a proceeding to adjudicate
parentage are the mother of the child and the man whose paternity of the child
is to be adjudicated.  See Tex.
Fam. Code Ann. § 160.603 (West 2009). 
The Act mandates that an individual may not be adjudicated a parent
unless the court has personal jurisdiction over the individual.  Id.
§ 160.604(a) (West 2008).  Subsection (b)
provides that a court having jurisdiction to adjudicate parentage “may exercise
personal jurisdiction over a nonresident individual or the guardian or
conservator of the individual if the conditions in Section 159.201 are
satisfied.”  See id. § 160.604(b).  Texas
Family Code section 159.201, a long-arm statute within the Uniform Interstate Family
Support Act, allows the court to exercise personal jurisdiction under certain
circumstances including when the parties “engaged in sexual intercourse in the
State of Texas and the child may have been conceived by the act of
intercourse.”  Tex. Fam. Code Ann. § 159.201(a)(6).

          In
its findings of facts and conclusions of law, the trial court found that
although Hall had intercourse in the State of Texas and the child may have been
conceived by that act, assumption of jurisdiction over Frazer would offend
traditional notions of fair play and substantial justice.  See
id.  Whether the contacts were sufficient
to allow it to exercise personal jurisdiction is not a question this court must
resolve because regardless of whether they were, the trial court declined to
exercise jurisdiction, as permitted by the statute.  Texas Family Code section 159.201 states that
a court may exercise personal
jurisdiction over a non-resident if one of the enumerated bases for
jurisdiction exists.  Id. § 159.201(a).  Because the statute is permissive rather than
mandatory, the trial court was within its discretion to decline jurisdiction,
and we find no abuse of discretion.  See Dickerson, 170 S.W.3d at 721 (holding under section 159.201 it is within
trial court’s discretion to decline to exercise jurisdiction even if it could
exercise personal jurisdiction). 

          Because we conclude the trial court
did not abuse its discretion in declining to exercise personal jurisdiction, we
need not reach Frazer’s argument that the trial court erred in declining to
exercise subject-matter jurisdiction.  

 

 

 

 

Conclusion

          We
affirm the judgment of the trial court.  

 

                                                                   Rebeca
Huddle

                                                                   Justice


 

Panel
consists of Justices Higley, Sharp, and Huddle.